IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHAVA WHITE, Individually and | § | |
| As Next Friend of Evan White, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3771 |
| | § | |
| ST. LUKE'S EPISCOPAL HEALTH | § | |
| SYSTEM, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This ERISA[1] case is before the Court on the Motion for Summary Judgment

("Plaintiff's Motion") [Doc. # 17] filed by Plaintiff Chava White and the Motion for

Summary Judgment ("Defendant's Motion") [Doc. # 16] filed by Defendant St.

Luke's Episcopal Health System ("St. Luke's").  The motions have been fully

briefed.[2]  The Court has carefully reviewed the full record in this case, including the

administrative record as submitted by the parties.  Based on this review and the

application of governing legal authorities, the Court **grants** Defendant's Motion and

**denies** Plaintiff's Motion.

_____

[1]    Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*

[2]    *See* St. Luke's Response to Plaintiff's Motion [Doc. # 19] and Plaintiff's Response to Defendant's Motion [Doc. # 18].  The briefing schedule did not anticipate replies.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is insured under an ERISA-governed Medical, Dental & Life Plan ("the Plan") in connection with her employment with St. Luke's. Under the terms of the Plan, St. Luke's has discretionary authority to determine eligibility for benefits and to interpret the terms of the Policy. *See* Plan, Exh. 1 to Plaintiff's Motion, pp. 4-5 ("Benefits under the Plan will be paid only if the Plan Administrator decides in its discretion that the Participant is entitled to them.").

Plaintiff's son, Evan White, suffers from Familial Dysautonomia.[3] His psychologist recommended neurofeedback to try to alleviate Evan's constipation. Plaintiff requested coverage under the Plan for the neurofeedback treatments. St. Luke's denied coverage based on language in the Summary Plan Description ("SPD") excluding neurofeedback.[4] Plaintiff unsuccessfully appealed the denial of coverage.

Plaintiff then filed this lawsuit alleging that St. Luke's decision to deny coverage was incorrect and was an abuse of discretion in violation of ERISA. The parties filed cross-motions for summary judgment, and those motions are now ripe for decision.

---

[3]     Familial Dysautonomia is a rare genetic disorder characterized by, *inter alia*, diminished sensitivity to pain, unusual fluctuations of body temperature, and unstable blood pressure.

[4]     Evan's psychologist made the recommendation for neurofeedback in December 2006. Evan and his mother have chosen for more than one year not to follow the recommendation unless Defendant pays for the treatments.

## II.    ANALYSIS

### A.    Standard of Review of ERISA Decision

The United States Supreme Court has held that the denial of benefits under an ERISA plan is "reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *see also Lain v. Unum Life Ins. Co. of America*, 279 F.3d 337, 342 (5th Cir. 2002).  Where, as here, the plan grants to the administrator such discretionary authority, the reviewing court applies an "abuse of discretion" standard. *See Robinson v. Aetna Life Ins. Co.*, 443 F.3d 389, 395 (5th Cir. 2006).

"In applying the abuse of discretion standard, we analyze whether the plan administrator acted arbitrarily or capriciously." *Meditrust Financial Services Corp. v. The Sterling Chemicals, Inc.,* 168 F.3d 211, 214 (5th Cir. 1999) (internal quotations and citations omitted).  The Court should first determine whether the Administrator applied a legally correct interpretation of the relevant Plan language. *See MacLachlan v. ExxonMobil Corp.*, 250 F.3d 472, 481 (5th Cir. 2003).  If the interpretation is legally correct, there is no abuse of discretion. *See Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 270 (5th Cir. 2004).

If the Administrator's interpretation is incorrect, the Court must consider whether there was an abuse of discretion. *Id.* "When reviewing for arbitrary and capricious actions resulting in an abuse of discretion, we affirm an administrator's decision if it is supported by substantial evidence. A decision is arbitrary only if made without a rational connection between the known facts and the decision or between the found facts and the evidence." *Meditrust*, 168 F.3d at 215 (internal quotations and citations omitted); *Lain*, 279 F.3d at 342.

In this case, St. Luke's administers the Plan, which is an uninsured, self-funded benefit plan.[5] In such circumstances, the Fifth Circuit applies a "sliding scale" to determine how much deference to give to the administrator's decision – the greater the conflict, the less deferential the standard. *See, e.g., Robinson*, 443 F.3d at 395. Where, as here, the only evidence of conflict is the fact that the administrator and the insurer are the same entity, the administrator is "entitled to all but a modicum" of the deference afforded to administrators without a conflict. *Id. (citing Lain*, 279 F.3d at 343). "Under this standard, the basis for [St. Luke's] decision must be supported by "some concrete evidence in the administrative record." *Id.* (*citing Vega v. National Life Ins. Serv., Inc.*, 188 F.3d 287, 302 (5th Cir. 1999) (en banc)).

---

[5]     St. Luke's has contracted for CIGNA HealthCare ("CIGNA") to handle certain claims and benefit handling responsibilities pursuant to an Administrative Services Only Agreement.

## B.  Denial of Claim for Coverage of Neurofeedback

Defendant's interpretation of the Plan to exclude coverage for neurofeedback is correct and, even if incorrect, is reasonable and not an abuse of discretion.  The Plan's Summary Plan Description ("SPD") provides clearly and unequivocally that neurofeedback is excluded.  *See* SPD, Exh. 2 to Plaintiff's Motion, pp. 32-33 ("Payment for the following is specifically excluded from this plan: . . . nonmedical counseling or ancillary services, including but not limited to . . . neurofeedback"). Contrary to Plaintiff's argument, neurofeedback is not excluded only if for nonmedical purposes.  Instead, neurofeedback is listed as a specific example of what the Plan considers to be a nonmedical service, whether or not recommended by a health care provider.

Plaintiff claims that the insurance company's "Coverage Position" supports her argument that neurofeedback is covered as a medical treatment for constipation.  To the contrary, the Coverage Position, which relates specifically to biofeedback rather than neurofeedback, recognizes that biofeedback is "specifically excluded" under many of the benefit plans.  *See* Coverage Position, Exh. 6 to Plaintiff's Motion, p. 1. The Coverage Position then provides that *if* a participant's plan allows coverage for biofeedback, the coverage is nonetheless limited to treatment for several identified

conditions, including constipation in adults. *See id.* The Coverage Position provides no support for Plaintiff's argument that neurofeedback is covered under her Plan.

Plaintiff also argues that the language in the SPD is ambiguous, noting that a benefits administrator at St. Luke's wrote an email asking whether she was "correct the neurofeedback is covered if a medical necessity? Or is it not covered under any circumstances?" *See* September 12, 2007 Email from Cheryl Tape, Exh. 4 to Plaintiff's Motion (Administrative Record), p. 00141. The response from the insurer, however, was clearly that the SPD "specifically excludes neurofeedback/biofeedback." *See id.* at 00140. That one employee of St. Luke's asked for clarification from CIGNA does not render the clear language ambiguous, particularly in light of CIGNA's prompt, clear response.

The record is clear and unequivocal that neurofeedback is a service excluded from coverage under the Plan. Neurofeedback, even if recommended by a health care provider for treatment of a medical condition, is considered a "nonmedical" service for which payment is specifically excluded. Defendant's decision in this case was correct and, even if deemed incorrect, was not an abuse of discretion.

## III.   CONCLUSION AND ORDER

The language of the Plan and its Summary Plan Description clearly exclude coverage for neurofeedback. Consequently, St. Luke's correctly interpreted the Plan.

Even if St. Luke's interpretation of the Plan to exclude coverage for neurofeedback were incorrect, the interpretation was reasonable and not an abuse of its discretion. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 16] is **GRANTED** and Plaintiff's Motion for Summary Judgment [Doc. # 17] is **DENIED**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this 25<u>th</u> day of **March, 2008.**

Nancy F. Atlas
United States District Judge